### KESSELMAN's Lessee *v.* OLD. (c)

### *Collateral warranty.*

A collateral warranty of an ancestor, who had no estate, in possession, of the premises, is an estoppel to his heir. (d)
The Stat. 4 Anne, c. 16, § 21, is not in force in Pennsylvania.

BY the statute of 4 Anne, c. 16, § 21, it is enacted, that " all collateral warranties, which shall be made after the first day of Trinity term, of any lands, tenements or hereditaments, by any ancestor, who has no estate of inheritance in possession in the same, shall be void against his heir."

In the present ejectment, the point was, whether the plaintiff was

---

(a) In Chancellor *v.* Phillips, *post,* p. 213, and several other cases, the law has been stated in a similar manner. But in the case of the United States *v.* Cunyngham (Wall. C. C. 178), in the circuit court, before Judges TILGHMAN, BASSET and GRIFFITH, the same subject was fully discussed; and the court adhered to the common-law rule, notwithstanding the decision in Pennsylvania. The decision in the case of Howell *v.* Alkyn, 2 Rawle 282, sustains Levy *v.* Wallis; but they cannot be reconciled with the principle of many other Pennsylvania authorities, on this subject.[1]

(c) s. c. 2 Yeates 509, reported as Lessee of Eshelman *et al. v.* Hoke.

(d) It appears in the report by Yeates, that sufficient real assets descended to the heirs.

estopped by a collateral warranty of his ancestor, who had no estate of inheritance, in possession, of the premises?

After argument, and taking time to deliberate, the opinion of THE COURT was delivered by SHIPPEN, Chief Justice, that there was no trace of the extension of the statute of the 4 Anne, c. 16, to Pennsylvania, by legislative authority, or judicial practice; and *consequently, that the collateral *169] warranty of the ancestor operated as an estoppel to his heir, the plaintiff.[1]

                            Judgment for the defendant.

---

(a) s. c. 2 Yeates 487, where there is a full report of the case.

[1] But the collateral warranty only descends upon the eldest son, the heir at common law. Jourdan v. Jourdan, 9 S. & R. 268.